UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBIN L. JESS,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN COLVIN,<br><br>            Defendant. | CASE NO. C13-1096JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 18)), and Plaintiff Robin Jess's objections thereto (Objections (Dkt. # 19)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 18) and AFFIRMS the decision of the Administrative Law Judge ("ALJ").

ORDER- 1

# I. BACKGROUND

Ms. Jess applied for and was denied social security benefits. (R&R at 1-2.) She applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (*Id.* at 1.) Her application was denied initially and on reconsideration. (*Id.* at 1-2.) Ms. Jess suffers from lupus, fibromyalgia, high blood pressure, pinched nerves, chronic pain, osteoarthritis, degenerative disc disease, depression, anxiety, limited vision, hepatitis C, and liver cancer. (*Id.* at 2.) She is 53 years old and has a high school diploma and a veterinary assistant certification. (*Id.* at 1.) In the past, she has worked as an auto glass installer, hotel housekeeper, telemarketer, and waitress. (*Id.* at 1.) After her benefits application was denied, Ms. Jess requested and received a hearing in front of an ALJ. (*Id.* at 2.) The ALJ found that Ms. Jess was not disabled because she could still perform her past relevant work. (*Id.*) Ms. Jess appealed the ALJ's determination to the Appeals Council, which denied her appeal, making the ALJ's ruling the final decision of the Commissioner. (*Id.*) Ms. Jess appealed to this court, whereupon Magistrate Judge James Donohue issued a 17-page R&R recommending that the ALJ's decision be affirmed. (*See* R&R.) Ms. Jess objected to the R&R. (*See* Objections.)

# II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

While review of an R&R is de novo, the court must defer to the ALJ's findings and may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

### III.   DISCUSSION

Magistrate Judge Donohue recommended affirming the decision of the ALJ. (*See* R&R.) In his R&R, he addressed three separate issues: (1) whether the ALJ erred by finding Ms. Jess not credible; (2) whether the ALJ properly evaluated opinion evidence; and (3) whether substantial evidence supported the ALJ's determination that Ms. Jess previously worked as a housekeeper at "Substantial Gainful Activity" ("SGA") levels.

(*See id.* at 6.)  Magistrate Judge Donohue explained in detail why the ALJ's decision with respect to each of these issues was correct and should not be overturned on appeal.  (*See id.* at 6-17.)

Ms. Jess raises objections with respect to only two of the three issues raised on appeal.  (Objections at 4.)  Ms. Jess argues that Magistrate Judge Donohue's R&R and the ALJ's findings are "internally inconsistent."  (*Id.*)  Thus, Ms. Jess argues that the ALJ erred in finding her not credible and in finding that she had performed past relevant work as a housekeeper at SGA levels.  (*Id.* at 4, 6.)

None of Ms. Jess's objections raise any novel issues that were not addressed by the R&R.  Moreover, the court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record.  Ms. Jess essentially reargues the arguments she made to Magistrate Judge Donohue, and the court independently rejects them for the same reasons as Magistrate Judge Donohue.  For example, Ms. Jess argues that the ALJ erred in finding her not credible.  However, as the R&R points out, the ALJ gave numerous clear and convincing reasons for finding her not credible.  (R&R at 7-10.)  Even if one of these reasons were somehow in error, the error would be harmless because the ALJ gave other reasons as well.  (*See id.* at 6.)  Likewise, the ALJ did not err with respect to past relevant work.  As Magistrate Judge Donohue points out, the record on this issue is somewhat equivocal, but there is substantial evidence supporting the ALJ's finding.  (R&R at 16-17.)  This is sufficient to sustain the Magistrate Judge's finding on appeal.  *Thomas*, 278 F.3d at 954 (noting that when the evidence is susceptible to more than one rational interpretation, the court must uphold the

ALJ's conclusion). Ms. Jess asks the court to overturn the ALJ's factual findings and credibility determinations, arguing that those determinations were made in error. The court has reviewed the record and concludes that substantial evidence supports all of the ALJ's findings, and that there is no legal or factual error that would support reversing the ALJ or otherwise disagreeing with Magistrate Judge Donohue. *See* 42 U.S.C. § 405(g); *Bayliss*, 427 F.3d at 1214.

## IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 18) in its entirety;

(2) The court AFFIRMS the decision of the Commissioner; and

(3) The court DIRECTS the Clerk to send copies of this Order to all counsel and to Magistrate Judge Donohue.

Dated this 20th day of February, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 5